**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| WILLIAM PHILLIPS, | ) | FILED: OCTOBER 6, 2008    LI |
| | ) | 08CV5670 |
| Plaintiff, | ) No. | JUDGE   GETTLEMAN |
| | ) | MAGISTRATE   JUDGE VALDEZ |
| vs. | ) | Judge |
| | ) | Magistrate Judge |
| CITY OF CHICAGO, | ) | |
| Chicago Police Officers | ) | |
| DANIEL STAPLETON, Star 14375, and | ) | Jury Demand |
| MICHAEL WALSH, Star 15175, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff is a resident of Chicago, Illinois.

5. Defendant-Officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. The Defendant-Officers are sued in their individual capacities.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**Facts**

8. On or about October 12, 2007, at approximately 9:00 p.m., Plaintiff left his house at 6404 South Long Street, Chicago, to pick up his co-workers and go to a roofing job at 95th and Stony Island. Plaintiff is the foreman for a roofing company.

9. After he picked up his coworkers, Plaintiff drove back to his house to use the bathroom before going to work.

10. Plaintiff parked in front of his house on the opposite side of the street. His truck was facing south.

11. After parking, Plaintiff exited his vehicle and began to walk across the street to his house.

12. As Plaintiff began to cross the street, he saw Defendant-Officers STAPLETON and WALSH's police car driving toward him, heading north.

13. STAPLETON and WALSH shined a spotlight on Plaintiff.

14. STAPLETON and WALSH got out of their car and told Plaintiff to come over to their police car.

15. Plaintiff pointed to his house and told STAPLETON and WALSH that he lived right there.

16. STAPLETON and WALSH ordered Plaintiff to get against the car.

17. As Plaintiff went to the car, a Defendant-Officer grabbed Plaintiff.

18. Plaintiff was seized and not free to leave.

19. Plaintiff had not violated any city, state or federal law. Defendant-Officers did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or search Plaintiff.

20. A sergeant pulled up behind STAPLETON and WALSH and had a tazer gun in his hand.

21. STAPLETON handcuffed Plaintiff. STAPLETON intentionally put the handcuffs on Plaintiff excessively tightly which caused Plaintiff extreme pain and emotional distress.

22. STAPLETON brought Plaintiff behind the police car.

23. STAPLETON threw Plaintiff into the back of the police car and slammed the door on Plaintiff approximately three times. The door hit Plaintiff's legs and feet.

24. After Plaintiff was in the police car, Plaintiff's wife, Teresa Phillips, came outside to see what was going on. Ms. Phillips asked the Defendant-Officers what was happening. The Defendant-Officers refused to answer, and told her to go to the sidewalk.

25. WALSH and the sergeant approached Plaintiff's truck, in which his coworkers were sitting.

26. Plaintiff's coworkers were instructed to exit the vehicle.

27. The Defendant-Officer conducted a show-up. The Defendant-Officers escorted an African-American male and a Mexican female over to Plaintiff, who was in the police car, and subsequently to Plaintiff's coworkers. Both the African American male and the Mexican female told the officers that these were not the people, saying, "That's not them. They're old. They were younger guys."

28. Defendant-Officers let Plaintiff's coworkers go.

29. A Defendant-Officer got into Plaintiff's truck, started it, and sped off toward 63rd Street. The tires squealed as he drove away.

30. Plaintiff's daughter said to another Defendant-Officer, "You can't take the truck for no reason." The Defendant-Officer replied, "We can do whatever we want!"

31. Plaintiff was transported to the 8th District Police Station.

32. Plaintiff was charged with battery. The case was docketed in the Cook County Circuit Court as: People v. Phillips, 071294388. On April 14, 2008, the battery charge against Plaintiff was dismissed.

33. Each individual Defendant-Officer acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

34. As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages including loss of physical liberty, emotional distress, and physical pain and suffering.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

35. Plaintiff realleges paragraphs 1 through 34 as if fully set forth herein.

36. Defendant-Officers stopped and seized Plaintiff.

37. Defendant-Officers did not have a reasonable suspicion, based on specific and articulable facts, that Plaintiff was about to commit a crime or had committed a crime.

38. The seizure of Plaintiff without reasonable suspicion or any other legal justification violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Excessive Force)

39. Plaintiff realleges paragraphs 1 through 34 as if fully set forth herein.

40. Defendant-Officers violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (State Law Claim for Malicious Prosecution)

41. Plaintiff realleges paragraphs 1 through 34 as if fully set forth herein.

42. Defendant STAPLETON instituted charges against Plaintiff for battery.

43. There was not probable cause for such charges.

44. The charges were terminated in a manner favorable to Plaintiff.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award costs, and

d)     Award any further relief that this Honorable Court deems just and equitable.

## COUNT IV
### (State Law *Respondeat Superior* Claim)

45. The acts of the Defendant-Officers described in the state law claims specified above were willful and wanton, and committed in the scope of employment.

46. Pursuant to *respondeat superior*, Defendant CITY OF CHICAGO is liable for its agents' actions.

WHEREFORE, Plaintiff demands judgment against Defendant CITY OF CHICAGO, and such other and additional relief that this Honorable Court deems just and equitable.

## COUNT V
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

47. The acts of the Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

48. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the Defendant-Officers' actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Jury Trial Demanded**

    Respectfully submitted,

    /s/ Louis J. Meyer
    *Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595